Halsey v. Choate

LEWIS HALSEY v. A. V. CHOATE

No. 7523DC380

(Filed 17 September 1975)

Partnership § 9— dairy partnership — milk base — contribution to partnership property

A "milk base" owned by defendant and used by a dairy partnership was a "contribution" to the partnership property as contemplated by G.S. 59-48(1); therefore, upon dissolution of the partnership, defendant is entitled to be repaid the value of the milk base at the time plaintiff became a partner, each partner is entitled to be paid for the pounds of base each purchased after formation of the partnership, and the value of the remaining milk base should be paid to the partners equally.

APPEAL by defendant from Osborne, Judge. Judgment entered 27 January 1975 in District Court, ALLEGHANY County. Heard in the Court of Appeals 3 September 1975.

In this action plaintiff seeks to recover balance allegedly due him following the dissolution of a partnership composed of

him and defendant. Pertinent allegations of the complaint are summarized as follows:

From 25 January 1963 until 5 March 1973, plaintiff and defendant were jointly engaged in the business of operating a dairy farm. Defendant owned the land, buildings, machinery and equipment, together with one-half interest in the dairy herd. Plaintiff performed the work and owned a one-half interest in the herd. All purchases of feed, veterinarian fees and other incidental expenses were paid equally by the parties. At the time of the inception of the joint venture, there was attached to the jointly owned herd a "milk base" established by the North Carolina Milk Commission in accordance with Article 28B of Chapter 106 of the General Statutes. From the inception of the venture in 1963 until its termination in 1973, said milk base was increased through the increased production of milk on the farm operated by plaintiff; the increase in said milk base resulted entirely from plaintiff's efforts.

The parties agreed to sell, and did sell, their interest in the dairy business, including the herd and milk base. On behalf of the parties, defendant collected from the purchaser the value of the milk base but refuses to pay plaintiff for his one-half interest therein.

In his answer defendant admitted that he and plaintiff were jointly engaged in the business of operating a dairy farm and admitted a sale of the business. Defendant further admitted a sale of the milk base but alleged that it belonged entirely to him and that plaintiff was not entitled to any part of the proceeds therefrom.

The parties waived trial by jury. Answers to interrogatories and evidence consisting of exhibits and oral testimony presented at the trial tended to show:

The partnership agreement for the operation of the dairy business was originally entered into on 15 July 1959 between defendant and one Russell Anderson, plaintiff's stepfather. Anderson operated the business until 25 January 1963 when he transferred and assigned all of his interest in and obligations under the agreement to plaintiff. Defendant acquiesced in the transfer and permitted plaintiff to operate the business until it was sold by mutual agreement around 1 March 1973. The milk base which defendant sold in March 1973 was 1345 pounds for which he received $8.00 per pound, a total of $10,760.00.

Following a trial the court entered judgment in which it set forth findings of fact, conclusions of law and an adjudication that plaintiff recover $5,230.00 plus interest and costs.

Defendant appealed.

*Edmund I. Adams for plaintiff appellee.*

*Wade E. Vannoy, Jr., by Jimmy D. Reeves, for defendant appellant.*

BRITT, Judge.

In the first of his two assignments of error, defendant contends the court erred in overruling his motion for judgment of involuntary dismissal made at the conclusion of all the evidence pursuant to G.S. 1A-1, Rule 41(b). We find no merit in this assignment and it is overruled.

In his second assignment of error, defendant contends the court erred in concluding as a matter of law that the milk base became a partnership asset, jointly owned by the parties. We think this assignment has merit.

While defendant did not except to any finding of fact, it is well settled that an appeal constitutes an exception to the judgment and presents the question whether the facts found support the judgment. 1 Strong, N. C. Index 2d, Appeal and Error, § 57, p. 222. We think it follows that an exception to a conclusion of law upon which the judgment is predicated presents the question whether the facts found support the conclusion of law.

The conclusion of law which defendant challenges is as follows:

"That absent any express agreement to the contrary, the milk base became a partnership asset, jointly owned by the partners, and the plaintiff is entitled to recover one-half of the proceeds from sale of said milk base, less the sum of $150.00, which the plaintiff failed to pay as his share of the purchase price for part of said milk base during the period in which the partnership was in operation."

The findings of fact pertaining to said conclusion of law are as follows:

"That the defendant operated with Mr. Anderson under said contract until the 25th day of January, 1963, at

which time Russell Anderson assigned his rights under the agreement to the plaintiff, and the parties continued to operate the dairy farm under the terms of said agreement until the 5th day of March, 1973, even though the agreement by its terms expired at the end of five years from July 15, 1959. That said agreement is silent as to renewal, and is also silent with respect to ownershsip of a milk base incident to the dairy operation. That a milk base is the amount of milk in numbers of pounds per day of Grade A milk which a dairy farm is permitted to produce and sell to a milk distributor at Grade A prices. That the amount of milk base which a dairy farm is allowed is regulated and determined by the rules and regulations of the North Carolina Milk Commission.

"That during the years in which the plaintiff and defendant were operating their dairy farm, the milk base fluctuated up and down, depending on production. That the defendant had a milk base of about 1,500 to 1,600 pounds in existence in 1959 at the inception of said agreement. That the plaintiff and defendant acquired additional milk base during the period of time in which the plaintiff and defendant operated the dairy farm, and that on one occasion the plaintiff paid one-half of the purchase price for the additional milk base. That on another occasion a purchase of about 100 pounds of milk base was made by the defendant, for which the total purchase price was $600.00, and for which the plaintiff paid $150.00 of the total purchase price.

"That the milk base in of itself had very little, if any, market value in the year 1959 or 1963.

"That on March 5, 1973 the dairy operation was sold, and the plaintiff received his interest in the cattle and equipment. That the defendant received the sum of $10,760.00, which was solely for the purchase price of the milk base, and retained this sum for himself. . . . " G.S. 59-48(1) provides:

"RULES DETERMINING RIGHTS AND DUTIES OF PARTNERS. —The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

(1) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership

Halsey v. Choate

property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits. . . . "

While the principle stated in the quoted statute is clear, its application in the instant case is difficult. There can be no doubt that the milk base was a valuable asset at the time the partnership ceased operation. Although the court found that defendant had a milk base of 1500 to 1600 pounds in 1959, and that a milk base had little if any market value in 1959 or 1963, there was evidence tending to show that a milk base had *some* value to a dairy operation at all times pertinent to this action. We think the milk base which defendant owned and was used by the partnership was a "contribution" to the partnership property as contemplated by the quoted statute and that defendant is entitled to proper repayment. This would include any base which defendant purchased and permitted the partnership to use. However, we think 1963 rather than 1959 should be the beginning year.

The problem here is further complicated by the fact that the poundage constituting the milk base fluctuated from year to year. The evidence showed that the base in effect for the year 1962 had diminished to 967 pounds; there was no specific showing as to what it was in 1963 at the time plaintiff became a partner. In spite of findings made by the court that the base had little if any market value in 1959 or 1963, there was a finding that defendant purchased 100 pounds of base for $600 (evidently after plaintiff became a partner) and the amount of the judgment appears to have been determined on a calculation of $8.00 per pound for plaintiff's share of 1345 pounds of milk base.

On the pleadings and contentions presented in this case, we think the court's findings should include: (1) the pounds of milk base belonging to defendant when plaintiff became a partner in January 1963; (2) the pounds of base which each partner purchased on his own account between the time plaintiff became a partner and the date of the sale of the partnership assets; and (3) the pounds of base sold after the partnership ceased operations and the price per pound received. Defendant should be given credit for his base determined in (1) and (2) at the price per pound determined in (3); plaintiff should be paid for his base determined in (2) at the price per pound determined in (3); and the remaining base would belong to the parties

equally and plaintiff should be paid for his one-half interest therein calculated on the price per pound determined in (3).

For the reasons stated, the judgment appealed from is vacated and this cause is remanded for a new trial consistent with this opinion.

New trial.

Judges HEDRICK and MARTIN concur.